UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

FILED'06 OCT 11 13:12 USDC-ORP

ROBERT CLARK RUTKOWSKI,

                Plaintiff,

      v.

UNITED STATES OF AMERICA,

                Defendant.

No. CV 06-643-MO

OPINION & ORDER

**MOSMAN, J.,**

      There are numerous motions currently before the court in this case, including the government's motion to dismiss (#8), and Mr. Rutkowski's cross motion for summary judgment (#11). The government moves to dismiss this case without prejudice under Fed. R. Civ. P. 12(b)(1) and (5) arguing Mr. Rutkowski failed to exhaust his administrative remedies under 28 U.S.C. § 2675 and failed to properly effect service under Fed. R. Civ. P. 4(i)(1). The motion to dismiss is GRANTED, and all other pending motion are DENIED AS MOOT.

      Before a claim for money damages can be made against the United States based on the actions of a government employee acting within the scope of his or her employment, the plaintiff must first submit his claim to the proper federal agency for review. 28 U.S.C. § 2675(a). Until the agency issues its final decision or its delay in making a decision is properly deemed a denial by the plaintiff, *see id.*, the court lacks jurisdiction over plaintiff's claims. *Ellis v. Hanson Natural Res. Co.*, 857 F. Supp. 766, 771 (D. Or. 1994) (citing *Jerves v. United States*, 966 F.2d

PAGE 1 - OPINION AND ORDER

517, 519 (9th Cir. 1992)) ("The filing of a complaint prior to the final denial of the claim by the [proper agency] does not meet the jurisdictional requirements of 28 U.S.C. § 2675(a).").

Here, Mr. Rutkowski filed administrative claims with the Administrative Office of the United States Courts on January 18, 2006 and April 3, 2006. He filed this lawsuit on May 4, 2006, before receiving a decision on either of his claims and before the agency's time for making a decision expired. As such, this court lacks jurisdiction over these claims.

Given Mr. Rutkowski's failure to exhaust his administrative remedies, there is no need to address his failure to effect proper service under Fed. R. Civ. P. 4. However, should he choose to pursue his case in the future, he must comply with the rules for providing service. That is, he must provide a copy of the summons and complaint to the United States Attorney for the District of Oregon, and he must send copies by certified or registered mail to the Attorney General of the United States in Washington, D.C. Fed. R. Civ. P. 4(i)(1).

The government's motion to dismiss without prejudice is GRANTED. All other pending motions are DENIED AS MOOT.

IT IS SO ORDERED.

DATED this 11th day of October, 2006.

MICHAEL W. MOSMAN
United States District Court

PAGE 2 - OPINION AND ORDER